**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 05-580-C**

**THE BANDANA CO., INC.,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**JTS INTERNATIONAL, INC., ET AL.,** **DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court on the plaintiff's motion to accept service upon the defendant James T. Sheridan by regular mail. The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion in part and deny it in part.

The plaintiff filed its original complaint for copyright infringement against JTS International, Inc. ("JTS") and various John Doe defendants on October 4, 2005. On February 2, 2006, an executed summons was returned by the plaintiff as to JTS. JTS, however, never filed an answer or otherwise defended this action. On March 23, 2006, the plaintiff sent letters to JTS and Sheridan, JTS's President, informing them that JTS was in default on the plaintiff's claim against it. According to the United States Postal Service, the certified copies of these letters were "unclaimed" by JTS and Sheridan. Nonetheless, Sheridan sent a letter to the plaintiff's counsel in April or May of 2006, informing the plaintiff that JTS had ceased its business and that he wished to receive no further correspondence regarding this lawsuit. On May 23, 2006, the plaintiff responded to Sheridan's

letter, but this correspondence was also unclaimed.

On July 31, 2006, the plaintiff amended its complaint to add Sheridan as a party to this action and attempted to serve him via the Kentucky Secretary of State. The plaintiff's letter to Sheridan was again unclaimed. The plaintiff then requested that a private entity, Fredericks & Palmer Process Serving, LLC ("F & P"), serve Sheridan personally. Despite six attempts to locate him at his residence, F & P has been unable to personally serve Sheridan with process; F & P states that, on several of these occasions, the lights of Sheridan's residence were turned on and automobiles were parked in his driveway. On November 17, 2006, the plaintiff sent Sheridan a copy of the summons and amended complaint via regular U.S. mail. Sheridan has apparently failed to respond to this letter.

The plaintiff now requests that the court accept service upon Sheridan by its November 17, 2006, letter sent by regular U.S. mail. Fed. R. Civ. P. 4(e) provides that service upon an individual in a judicial district of the United States may be effected "pursuant to the law of the state . . . in which service is effected." As Sheridan is a citizen of Pennsylvania, the plaintiff asks that the court permit service on him by mail pursuant to Pa. R. Civ. P. 430(a), which states that "[i]f service cannot be made under the applicable rule the plaintiff may move the court for an order directing the method of service." In support, the plaintiff cites *Tedesco Mfg. Co. v. Parts & Battery Warehouse Inc.*, 49 Pa. D. & C.3d 160 (Pa. Com. Pl. 1987), as a representative example of a case in which a Pennsylvania court permitted service by regular U.S. mail.

Rule 430(a) requires a plaintiff to make a "good faith" effort to locate a defendant and effectuate service by direct means before resorting to an alternative method of service. *Clayman v. Jung*, 173 F.R.D. 138, 139 (E.D. Pa. 1997). Alternative methods of service are an option of last resort. *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004) (citing *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1089 n.3 (Pa. 2001) (dissenting opinion)). The majority of the cases construing Rule 430 deal with situations in which the whereabouts or identity of the defendant are unknown to the plaintiff; in this case, the plaintiff knows where Sheridan may be found but believes he is evading service. In *Tedesco*, however, the court permitted the plaintiff to serve process by sending a letter via first-class mail to the home of the defendant's principal officer after the sheriff unsuccessfully attempted on three occasions to serve this officer personally.

The facts of this case present an even more compelling case for service by mail than *Tedesco*. The plaintiff has attempted to serve Sheridan via certified mail with no success, and F & P's six attempts to serve him at his home have been unsuccessful under circumstances which raise the suspicion that Sheridan is willfully avoiding service. The court finds that service upon him by regular U.S. mail is appropriate.

However, the court declines to accept the plaintiff's letter of November 17, 2006, as a valid service of process by mail. Even if Sheridan is avoiding service of process, the fact remains that all correspondence sent to his residence via certified mail have been returned to the plaintiff as "unclaimed." It is therefore possible that

Sheridan similarly ignored the plaintiff's November 17, 2006, letter and that he may not even be aware that he is a defendant in this action. His possible motives notwithstanding, the court will not permit service on Sheridan by a letter sent *before* the order permitting service via that letter is even entered. The court will, however, require that the Clerk of this Court send to Sheridan's residence a copy of this order and will permit the plaintiff to serve him with the complaint and summons via regular U.S. mail.[1] Pursuant to Pa. R. Civ. P. 403, the service by mail will be deemed complete if the letter is not returned to its sender within fifteen days of its mailing. Accordingly,

**IT IS ORDERED** that the plaintiff's motion (DE 17) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that the court will allow the plaintiff to serve the defendant, James T. Sheridan, by regular U.S. mail. The motion is **DENIED** to the extent that the plaintiff requests that the court deem its November 17, 2006, letter an effective service of process.

**IT IS FURTHER ORDERED** that the plaintiff shall send the defendant, James T. Sheridan, a copy of the amended complaint and summons by U.S. mail no later than 20 days after the entry of this order.

---

[1]In its motion, the plaintiff avers that it must complete service no later than November 28, 2006. The court construes this statement as a reference to Fed. R. Civ. P. 4(m), which requires a plaintiff to serve a defendant within 120 days of the filing of its complaint against that defendant. Rule 4(m) also allows a court to extend the time for service for an "appropriate period" if the plaintiff shows "good cause" for its failure to serve the defendant. Pursuant to this provision of Rule 4(m), the court will allow the plaintiff 20 days following the entry of this order to send a copy of its amended complaint and summons to Sheridan's residence.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this order to the residence of the defendant, James T. Sheridan, at 43 Buckman Drive, Newtown, Pennsylvania, 18940.

Signed on January 17, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**